UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| BRIAN McNEAL, <br><br> Plaintiff, <br> v. <br><br> LOUISIANA DEPT. OF PUBLIC SAFETY & CORRECTIONS, *et al.* <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) No. 3:20-cv-00312-JWD-EWD <br> ) <br> ) <br> ) <br> ) <br> ) |

**STATUS REPORT**

**A.   JURISDICTION**

What is the basis for the jurisdiction of the Court?

This Court has jurisdiction over Plaintiff's claims of federal rights violations under Title II of the Americans with Disabilities Act and the Rehabilitation Act, which are enforceable in this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

**B.   BRIEF EXPLANATION OF THE CASE**

1.   Plaintiff claims:

In 2017, Brian McNeal was on probation for a non-violent crime and was enrolled in Orleans Parish Criminal District Court's mental health court, a specialty court designed to reduce recidivism by providing services to probationers with mental health diagnoses. On August 3, 2017, Judge Karen Herman found that Mr. McNeal was in technical violation of the conditions of his probation. On the recommendation of Mr. McNeal's probation agent and mental health case manager, Judge Herman sentenced Mr. McNeal to serve 90 days at the DOC's Steve Hoyle Intensive Substance Abuse Program.

However, medical staff at Elayn Hunt Correctional Center decided they would not provide

1

Mr. McNeal with the substance abuse treatment ordered by the judge, solely because Mr. McNeal has been diagnosed with mental health conditions. So, despite the judge's order, Mr. McNeal never set foot inside Steve Hoyle or any other substance abuse treatment program. Instead, he remained at Hunt Reception and Diagnostic Center (HRDC) – a bare holding cell that amounts to a "waiting room" – for 106 days. At HRDC Mr. McNeal had no access to substance abuse treatment or any other programs or services typically available to DOC inmates.

Mr. McNeal's mental health conditions constitute a disability under the law. Mr. McNeal was denied access to services because of those mental health conditions in violation of Title II of the Americans with Disabilities Act and the Rehabilitation Act.

2. <u>Defendants' claim</u>:

Plaintiff's suit is untimely and should be dismissed with prejudice.

Plaintiff lacks standing to sue for injunctive relief.

Plaintiff did not have a right under the ADA or Rehabilitation Act to treatment at Steve Hoyle and, even if he had a right, said right was not violated by the Defendants.

The Plaintiff is not entitled to any relief.

**C.  PENDING MOTIONS**

List any pending motion(s), the date filed, and the basis of the motion(s):

Motion to Dismiss For Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can be Granted, filed by Defendants on July 22, 2020, on the basis of untimeliness and lack of standing.

**D.  ISSUES**

List the principal legal issues involved and indicate whether or not any of those issues are in dispute:

- Whether Defendants denied Mr. McNeal access to substance abuse treatment or other services on the basis of his disability. (Disputed).

- Whether Plaintiff has standing to seek injunctive relief. (Disputed).

- Whether Plaintiff's lawsuit is timely. (Disputed).

- Whether Defendants use eligibility criteria that tend to screen out people with disabilities. C.F.R. § 35.130(b)(8). (Disputed).

- Whether Plaintiff qualified for treatment at Steve Hoyle (disputed).

- Whether Congress validly abrogated the sovereign immunity of the State of Louisiana because the conduct complained of did not actually violate the Fourteenth Amendment (disputed).

**E. DAMAGES**

Separately, for each party who claims damages or an offset, set forth the computation of damages or the offset:

1. Plaintiff's calculation of damages: Plaintiff has articulated a claim for compensable damages not to exceed $20.

2. Defendant's calculation of offset and/or plaintiff's damages:

3. Counterclaimant/cross claimant/third party's calculation of damages: N/A.

**F. SERVICE:**

Identify any unresolved issues as to waiver or service of process, personal jurisdiction, or venue: None.

**G. DISCOVERY**

1. Initial Disclosures:

   A. Have the initial disclosures required under FRCP 26(a)(1) been completed?

   [ ] YES    [**X**] NO

In accordance with Local Rule 26(b), the parties shall provide their initial disclosures to the opposing party no later than 7 days before the date of the scheduling conference, unless a party objects to initial disclosures during the FRCP 26(f) conference and states the objection below.

B. Do any parties object to initial disclosures?

[ ] YES    [**X**] NO

For any party who answered yes, please explain your reasons for objecting.

2. Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):    None yet.

By defendant(s): None yet.

Discovery may largely overlap with discovery already completed in related case *Brian McNeal v. Louisiana Department of Public Safety and Corrections, et al.*, No. 18-cv-00736-JWD-EWD.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery.  (For example: are there any confidential business records or medical records that will be sought?  Will information that is otherwise privileged be at issue?)

Protective orders may be sought in relation to Brian McNeal's confidential medical records.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

By plaintiff(s):    None.

By defendant(s): None.

**H.    PROPOSED SCHEDULING ORDER**

1. If the parties propose an alternative timeframe for exchanging initial disclosures, please provide that proposed deadline:

2. Recommended deadlines to join other parties or to amend the pleadings:

September 1, 2020.

3. Filing all discovery motions and completing all discovery except experts:

4

      February 1, 2021.

4.   Disclosure of identities and resumés of expert witnesses (if appropriate, you may suggest different dates for disclosure of experts in different subject matters):

      Plaintiff(s):    N/A

      Defendant(s):    N/A

5.   Exchange of expert reports:

      Plaintiff(s):    N/A

      Defendant(s):    N/A

6.   Completion of discovery from experts: N/A

7.   Filing dispositive motions and Daubert motions: March 1, 2021.

8.   All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order. The deadlines will be determined based on the presiding judge's schedule, within the following general parameters. The parties should not provide any proposed dates for these remaining deadlines.

    a.   Deadline to file pre-trial order[1] (approximately 16 weeks after dispositive motion deadline).

    b.   Deadline to file motions in limine (approximately 20-22 weeks after dispositive motion deadline).

    c.   Deadline to file an affidavit of settlement efforts (approximately 22-24 weeks after dispositive motion deadline).

    d.   Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge (approximately 25-27 weeks after dispositive

---

[1] In cases assigned to United States District Judge John W. deGravelles, prior to the filing of the pretrial order, the parties will exchange or make available for inspection all exhibits which the parties will or may introduce at trial.

        motion deadline).

    e.    Pre-trial conference date (approximately 18-20 weeks after dispositive motion deadline).

    f.    Trial date (approximately 27-29 weeks after dispositive motion deadline).

9. If the general outline of proposed deadlines does not fit the circumstances of your particular case, please provide a proposed joint schedule of deadlines which is more appropriate for your case.

**I.    TRIAL**

1. Has a demand for trial by jury been made?

    [ ] YES    [X] NO

2. Estimate the number of days that trial will require.

    Three.

**J.    OTHER MATTERS**

Are there any specific problems the parties wish to address at the scheduling conference?

    [ ] YES    [**X**] NO

    i.    If the answer is yes, please explain:

    ii.    If the answer is no, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report? **CHECK "NO" IF YOU HAVE NOT SUBMITTED JOINT PROPOSED DEADLINES.**

    [**X**] YES    [ ] NO

**K.    SETTLEMENT**

1. Please set forth what efforts, if any, the parties have made to settle this case to date.

    Neither party has made efforts to settle the case to date.

2. Do the parties wish to have a settlement conference:

[X]  YES     [ ] NO

If your answer is yes, at what stage of litigation would a settlement conference be most beneficial?

The Plaintiffs believe it would be beneficial to have a settlement conference towards the end of fact discovery.

**L.    CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United States District Judge and may instead consent to proceed before a United States Magistrate Judge.  Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. § 636(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[]  YES     [ X ] NO

If your response was "yes" to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.

Report Dated:  July 29, 2018.

Respectfully submitted,

*/s/ Sarah Chervinsky*
Sarah Chervinsky, La. Bar No. 33772
Law Office of William Most, L.L.C.
201 St. Charles Ave. Suite 114 #101
New Orleans, LA 70170
(504) 444-3024

*s/Phyllis E. Glazer*
**PHYLLIS E. GLAZER (LSBA #29878)**
**ASSISTANT ATTORNEY GENERAL**
Louisiana Department of Justice
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone: 225-326-6300
Facsimile: 225-326-6495
E-mail: GlazerP@ag.louisiana.gov

7