UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN MCNEAL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 20-312-JWD-EWD** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE JOHN W. deGRAVELLES** |
| **PUBLIC SAFETY & CORRECTIONS, and** | * | |
| **JAMES LEBLANC** | * | **MAGISTRATE JUDGE** |
| | * | **ERIN WILDER-DOOMES** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**<u>MEMORANDUM IN SUPPORT OF *SECOND* MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED</u>**

**MAY IT PLEASE THE COURT:**

Defendants, the State of Louisiana, through the Department of Public Safety & Corrections ("DPSC") and Secretary James M. LeBlanc, respectfully move this Honorable Court for dismissal of this lawsuit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.    <u>Standard of Review</u>**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic Corp. v.*] *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the

1

line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).[1]

## II. Procedural History.

The Plaintiff, Brian McNeal, filed the instant lawsuit on May 22, 2020. Doc. 1. In the Original Complaint, the Plaintiff sued DPSC under the ADA and Rehabilitation Act, and sought injunctive relief and nominal monetary relief. *Id*. at ¶10-11 (twice naming DPSC as a Defendant); ¶60 (delineating relief requested). The Defendants moved to dismiss Plaintiff's suit for lack of jurisdiction and for failure to state a claim upon which relief can be granted. Doc. 11. The Defendants argued the Plaintiff lacked standing to sue for injunctive relief and Plaintiff's claims for money damages are untimely. *Id*. Plaintiff opposed the Motion. Doc. 15. This Honorable Court granted the Motion to Dismiss. Doc. 25.

Plaintiff's claim for nominal damages is the only one remaining at this stage, and the only one at issue in this Motion. This Honorable Court found that claim was untimely. Doc. 25, p. 29. Leave to amend was granted to attempt to plead facts supporting the alleged timeliness of Plaintiff's claims. *Id.* This Honorable Court explained:

> [T]he Court applied the one-year limitations period in part because Plaintiff failed to allege sufficient facts to establish that his action was made possible by the ADAAA. However, the Court finds that it will act according to the above "wise judicial practice" and grant Plaintiff at least one opportunity to amend the operative complaint to allege facts about his alleged disability that are sufficient to obtain the four-year limitations period. Accordingly, the Court grants Plaintiff leave to amend the complaint to cure the above deficiencies.

*Id*. at p. 30. The Plaintiff filed the First Amended Complaint, which attempts to cure the deficiencies identified by this Honorable Court. Doc. 28-1.

---

[1] *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

The only claim in Plaintiff's First Amended Complaint is a claim against DPSC for "Compensatory damages in an amount not to exceed $20." Doc. 28.1, ¶68(B).[2] The only issue is whether the Plaintiff pled the sufficient facts in the Amended Complaint to "to establish that his action was made possible by the ADAAA." Doc. 25, p. 30. As explained below, the Plaintiff failed to meet his burden.

### III. Plaintiff failed to plead sufficient facts to show that his action was made possible by the ADAAA.

Indisputably, the Plaintiff's law suit, which was filed more than one year after the alleged ADA violation, is prescribed unless he can show his claims were "made possible" by the ADAAA. In order to benefit from the four year limitations period applicable to such claims, the Plaintiff must show his ADA and RA claims were "made possible" by the 2008 amendments to the ADA.[3] The primary question is whether the Plaintiff would have qualified as disabled under the pre-ADAA interpretation of "disability."[4] When granting Defendants' Motion to Dismiss and giving the Plaintiff leave to amend on this issue, this Honorable Court explained:

> Plaintiff fails to allege facts regarding the nature of his episodic condition, the particular effect on his life, or the history and timing of his episodes. Without alleging more facts in support of the contention that the episodic nature of Plaintiff's diagnosis would have excluded it from ADA protection pre-ADAAA, the four-year prescriptive period does not apply.

Doc. 25, p. 26-27 (footnote omitted). The Plaintiff purports to have amended his allegations regarding his alleged disability. The addition of more "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[5]

---

[2] The Plaintiff also lists as "relief requested" the phrases "declaratory relief" and "other and further relief, at law or in equity, to which Plaintiff may be justly entitled". See Doc. 28-1, ¶68. Neither of those phrases provides the Defendants notice of the nature of the claim or the grounds upon which it rests.
[3] *Guy v. LeBlanc*, 400 F. Supp. 3d 536, 541 (M.D. La. 2019).
[4] *Id.*
[5] Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993).

3

In his original Complaint, the Plaintiff claimed he had a "mental impairment [which] substantially limited his life activities including maintaining steady employment and housing."[6] He alleged "his mental health diagnoses include Substance Induced Psychosis and Stimulant and Opiate Use Disorders."[7]

The Amended Complaint contains the same facts. The Plaintiff alleges he "suffered from a mental impairment", which "substantially limited his life activities including maintaining steady employment and housing." [8] Plaintiff also continues to allege "his mental health diagnoses include Substance Induced Psychosis and Stimulant and Opiate Use Disorders."[9] The Plaintiff now additionally alleges "Mr. McNeal's symptoms are episodic in nature, as he experiences mood swings, hallucinations, and similar mental effects that typically only last for a short period of time."[10] How those symptoms effect the Plaintiff's ability to "maintain steady employment and housing" is unknown. No facts are pleaded.

The Plaintiff still fails to meet his burden of pleading that he had a disability under the ADAAA that was not recognized as a disability under the prior version of the ADA.

> Though the elements of a *prima facie* case remain the same under the ADAAA, Congress intended to broaden the meaning and coverage of disability. *Neely v. PSEG Tex., L.P.,* 735 F.3d 242, 245 (5th Cir.2013). However, the Fifth Circuit expressly held that despite the broader definition, the burden remains on the plaintiff to first prove a disability. *Id.* "In other words, though the ADAAA makes it easier to prove a disability, it does not absolve a party from proving one." *Id.*[11]

The allegation that the Plaintiff "suffered from a mental impairment", which "substantially limited his life activities including maintaining steady employment and housing" [12] is a conclusory

---

[6] Rec. Doc. 1, ¶17.
[7] Rec. Doc. 1 ¶18.
[8] Doc. 28-1, ¶16-17.
[9] *Id*. at ¶18.
[10] Doc. 28-1, ¶23.
[11] Willis v. Noble Env't Power, LLC, 143 F. Supp. 3d 475, 480 (N.D. Tex. 2015).
[12] Doc. 28-1, ¶16-17.

allegation. Doc. 25, p. 26. This Honorable Court "cannot rely on a legal conclusion." *Id.* The Plaintiff's conclusory allegation that he was unable to "maintain steady employment and housing" is insufficient to meet his burden of pleading. The Plaintiff fails to explain how his alleged disability and the episodic manifestation of the symptoms thereof render him unable to "maintain steady employment and housing."

> With regard to working,
>
> [S]ubstantially limits means significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities. The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working.[13]

The Plaintiff offers nothing with regard to his alleged inability to maintain steady employment or housing. No facts whatsoever are pleaded that connect his alleged occasional symptoms with the conclusion that the occasional manifestation of his symptoms "substantially limits" his life activities. In Plaintiff's original complaint he "fail[ed] to allege facts regarding the qualitative nature of his addiction or the effect his addiction had on his ability to work. Similarly, Plaintiff fail[ed] to allege facts regarding the nature of his episodic condition, the particular effect on his life, or the history and timing of his episodes." Doc. 25, p. 26. The Plaintiff still fails to plead those facts.

Under the prior version of the ADA, drug addiction and alcoholism were considered disabilities when the conditions substantially limited, or were perceived by the employer as substantially limiting, a major life function.[14] As the Fifth Circuit explained, "The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the

---

[13] *Rodriguez v. Alcoa Inc.*, 805 F. Supp. 2d 310, 317 (S.D. Tex. 2011) (quoting 29 C.F.R. § 1630.2(j)(3)(i)).
[14] *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 859 (5th Cir. 1999) (citing *Burch v. Coca–Cola Co.*, 119 F.3d 305 (5th Cir.1997)).

impairment the person has, but rather on the effect of that impairment on the life of the individual."[15] The Plaintiff alleges, albeit conclusorily, that his condition substantially impaired major life activities, which means that it was a qualifying disability under the prior version of the ADA. The Plaintiff does not plead facts explaining why his allegedly "episodic" condition was not a disability under the prior version of the ADA. Per this Honorable Court's prior ruling, the Plaintiff's failure to plead such facts supports dismissal with prejudice.

### IV.  Conclusion and relief requested.

Considering the foregoing, the Plaintiff's lawsuit should be dismissed. Plaintiff failed to plead facts showing he has a claim that was "made possible" by the ADAAA and, therefore, his claims are prescribed.

Respectfully Submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:  *s/Phyllis E. Glazer*
     **PHYLLIS E. GLAZER (LSBA #29878)**
     **ASSISTANT ATTORNEY GENERAL**

**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 North Third Street, 4th Floor
Post Office Box 94005 (70804-9005)
Baton Rouge, Louisiana 70802
Telephone:   225-326-6300
Facsimile:    225-326-6495
E-mail:         GlazerP@ag.louisiana.gov

---

[15] *Id* at 860 (citing *Burch*, 119 F.3d at 315, quoting 29 C.F.R. Pt. 1630, App).