UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRIAN MCNEAL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 20-312-JWD-EWD** |
| | * | |
| **LOUISIANA DEPARTMENT OF** | * | **JUDGE JOHN W. deGRAVELLES** |
| **PUBLIC SAFETY & CORRECTIONS, and** | * | |
| **JAMES LEBLANC** | * | **MAGISTRATE JUDGE** |
| | * | **ERIN WILDER-DOOMES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**REQUEST FOR JURY TRIAL, AFFIRMATIVE DEFENSES AND ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**NOW INTO COURT**, through undersigned counsel, come Defendants, the State of Louisiana, through the Department of Public Safety & Corrections ("DPSC") and Secretary James M. LeBlanc, asserting the following Affirmative Defenses and Answer to Plaintiff's First Amended Complaint (Rec. Doc. 27), which superseded his Original Complaint (Rec. Doc. 1).

**REQUEST FOR JURY TRIAL**

Plaintiff plausibly demands *at least* twenty dollars ($20.00) in compensatory damages against one or both defendants, for one or more of his asserted causes of action. Rec. Doc. 27, ¶68(B). Plaintiff also vaguely demands "other and futher relief, at law or in equity, to which Plaintiff may be justly entitled". Therefore, as pleaded, the value in controversy exceeds twenty dollars and the Defendants are entitled to a jury trial. Accordingly, the Defendants request a trial by jury on all issues so triable.

**AFFIRMATIVE DEFENSES**

**1. Standing**

Plaintiff lacks standing to sue for prospective relief, whether described as "declaratory", "injunctive" or "other and further relief, at law or in equity, to which Plaintiff may be justly entitled." See Doc. 27, ¶68. The Court has already ruled that the Plaintiff lacks standing to sue for injunctive relief. Doc. 25, pp. 13-17. In its analysis, the Court noted:

> "Because injunctive **and declaratory relief** cannot conceivably remedy any past wrong, plaintiffs seeking injunctive and declaratory relief can satisfy the redressability requirement only by demonstrating a continuing injury or threatened future injury."

Doc. 25, p. 12 (quoting *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019) (**emphasis added**)). For the same reasons Plaintiff lacks standing to sue for injunctive relief, he lacks standing to sue for declaratory relief or any "other and further relief". The Defendants herein adopt by reference thereto the Ruling of the Court granting Defendant's previous Motion to Dismiss as well as all arguments made in support of the Motion to Dismiss. Doc. 25 (Ruling), Doc. 11 (Motion to Dismiss), Doc. 11-1 (Memorandum in Support of Motion to Dismiss), and Doc. 17 (Reply Memorandum).

**2. Sovereign Immunity – ADA claims**

The State is entitled to sovereign immunity from Plaintiff's ADA claim. In *United States v. Georgia,* 546 U.S. 151, 159 (2006) the Supreme Court "established a three-part test for determining whether Title II validly abrogates states' sovereign immunity." *Block v. Texas Bd. of L. Examiners*, 952 F.3d 613, 617 (5th Cir. 2020).

A court must determine, on a "claim-by-claim basis":

(1) which aspects of the State's alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether

> Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid.

*Block*, 952 F.3d at 617 (*citing United States v. Georgia*, 546 U.S. at 159)) (footnote omitted). The State did not violate Title II of the ADA because the Plaintiff is not a qualified person with a disability or because he is not protected by the ADA. See 28 C.F.R. 35.131. To the extent the Plaintiff was qualified under the ADA and entitled to its protections, the State did not deny him access to a program under its control. Or, to the extent the Plaintiff qualified for and sought access to a State controlled program, he was not qualified to access the program or he was not denied access thereto based on any disability.

To the extent the State's conduct plausibly violated Title II of the ADA, the misconduct did not violate the Fourteenth Amendment. See *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (prisoners do not have a protected liberty interest in eligibility for drug treatment programs) (citing *Moody v. Doggett,* 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) (Prisoner classification and eligibility for rehabilitation programs are not subject to "due process" protections); *Bulger v. United States Bureau of Prisons,* 65 F.3d 48, 49 (5th Cir.1995)(same)). See also *Haralson v. Campuzano*, 356 F. App'x 692, 697 (5th Cir. 2009) (citing *Hernandez v. Velasquez,* 522 F.3d 556, 559 (5th Cir. 2008) (per curiam)).

Congress did not validly abrogate the State's sovereign immunity as to the class of conduct in question in this lawsuit.

### 3. Sovereign Immunity – Secretary LeBlanc

State officials in their official capacities are proper parties to an *Ex parte Young* suit brought under Title II of the ADA. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 413 (5th Cir. 2004). "An *Ex parte Young* suit must also seek equitable relief—relief that is 'declaratory or injunctive in nature and prospective in effect.'" *Williams On Behalf of J.E. v. Reeves*, 954 F.3d

3

729, 736 (5th Cir. 2020) (quoting *Aguilar v. Tex. Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998) (additional citations omitted)).  Here, the Plaintiff sues Secretary LeBlanc, in his official capacity, but the Plaintiff does <u>not</u> allege ongoing conduct and does <u>not</u> validly seek prospective relief.  See the standing argument above.

    **4. Statute of Limitations**

Plaintiff's ADA and Rehabilitation Act Claims are subject to a one-year statute of limitations, which expired long before this suit was filed.  That Plaintiff successfully pled enough facts to state a plausibly-timely claim does not end the inquiry.

AND NOW IN ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT:

**<u>Introduction</u>**.

1. The allegations contained in Paragraph 1 of Plaintiff's First Amended Complaint are denied.
2. The allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
3. It is admitted that Plaintiff's probation was revoked by Orleans Parish Criminal District Judge Karen Herman, Division I, on August 23, 2017.  It is further admitted that Judge Herman "adopted the recommendation of Agent Labowe and case manager Kristen Jupiter" and sentenced Plaintiff to serve 90 days at the Steve Hoyle Rehabilitation Program.  It is <u>denied</u> that the Steve Hoyle Program is a program owned, operated, or run by the State of Louisiana, the Department of Public Safety and Corrections, the incorrectly named "Department of Corrections" or any other agency, entity, or sub

entity of the State of Louisiana. The Steve Hoyle Program is, and at all times pertinent hereto was, part of the Bossier Parish Correctional Center.

4. The allegations contained in Paragraph 4 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

5. The allegations contained in Paragraph 5 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

6. The allegations contained in Paragraph 6 of Plaintiff's First Amended Complaint are denied.

**Jurisdiction and Venue**

7. The subject matter jurisdiction of this Court over Plaintiff's claims is undisputed.

8. The Defendants agree that venue is proper in the Middle District of Louisiana.

**Parties**

9. The allegations contained in Paragraph 9 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

10. Secretary James LeBlanc admits his status as a defendant in his official capacity only. However, all claims for prospective relief were dismissed. Rec. Doc. 25, p. 31. Thus, there is no viable claim left against the Secretary, in his official capacity.

11. The State of Louisiana, through the Department of Public Safety and Corrections (DPSC) admits its status as a defendant in this case and admits that it is a recipient of federal financial assistance for purposes of a claim under the Rehabilitation Act.

**Facts**

**A.** The allegations contained in Paragraph A of Plaintiff's First Amended Complaint are denied.

12. The Defendant adopts its Affirmative Defenses and Answer to each and every paragraph above and incorporates those into its Answer to Paragraph 12 of Plaintiff's First Amended Petition.
13. The allegations contained in Paragraph 13 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
14. The allegations contained in Paragraph 14 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
15. The allegations contained in Paragraph 15 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
16. The allegations contained in Paragraph 16 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
17. The allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
18. The allegations contained in Paragraph 18 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
19. The allegations contained in Paragraph 19 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
20. The allegations contained in Paragraph 20 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
21. The allegations contained in Paragraph 21 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.
22. The allegations contained in Paragraph 22 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

23. The allegations contained in Paragraph 23 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

24. The allegations contained in Paragraph 24 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

**B.** The allegation that the Judge ordered the Plaintiff to "serve 90 days at a DOC Custodial Substance Abuse Treatment Program" is <u>denied</u>.

25. The allegations contained in Paragraph 25 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

26. The allegations contained in Paragraph 26 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

27. The allegations contained in Paragraph 27 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

28. The allegations contained in Paragraph 28 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

29. The allegations contained in Paragraph 29 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

30. The allegation that "The Steve Hoyle Intensive Substance Abuse Program (SHISAP) is located at Bossier Parish Correctional Center – Medium Security in Plain Dealing, Louisiana" is admitted. All other allegations in Paragraph 30 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

**C.** The allegations contained in Paragraph C of Plaintiff's First Amended Complaint are denied.

31. The allegations contained in Paragraph 31 of Plaintiff's First Amended Complaint are admitted.

32. The allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

33. The allegations contained in Paragraph 33 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

34. The allegations contained in Paragraph 34 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

35. The allegations contained in Paragraph 35 of Plaintiff's First Amended Complaint are denied.

36. The allegations contained in Paragraph 36 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

37. The allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint are denied.

38. The allegations contained in Paragraph 38 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

39. The allegations contained in Paragraph 39 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

40. The allegations contained in Paragraph 40 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

41. The allegations contained in Paragraph 41 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

42. The allegations contained in Paragraph 42 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

43. The allegations contained in Paragraph 43 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

CAUSES OF ACTION: Violation of the ADA and the Rehabilitation Act

44. The Defendants adopt their Affirmative Defenses and Answer to each and every paragraph above and incorporates those into its Answer to Paragraph 44 of Plaintiff's First Amended Complaint.

45. The quotation of a statute does not require an Answer from the Defendants.

46. The quotation of a statute does not require an Answer from the Defendants.

47. The legal conclusions contained in Paragraph 47 of Plaintiff's First Amended Complaint do not require an Answer from the Defendants. To the extent Paragraph 47 of Plaintiff's First Amended Complaint contains factual allegations, they are denied for lack of sufficient information to justify a reasonable belief therein.

48. The legal conclusions contained in Paragraph 48 of Plaintiff's First Amended Complaint do not require an Answer from the Defendants. To the extent Paragraph 48 of Plaintiff's First Amended Complaint contains factual allegations, they are denied for lack of sufficient information to justify a reasonable belief therein.

49. The allegations contained in Paragraph 49 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

50. The allegations contained in Paragraph 50 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

51. The allegations contained in Paragraph 51 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

52. The allegations contained in Paragraph 52 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

53. The allegations contained in Paragraph 53 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

54. The allegations contained in Paragraph 54 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

55. The allegations contained in Paragraph 55 of Plaintiff's First Amended Complaint are denied.

56. The allegations contained in Paragraph 56 of Plaintiff's First Amended Complaint are denied for lack of sufficient information to justify a reasonable belief therein.

57. The allegations contained in Paragraph 57 of Plaintiff's First Amended Complaint are denied.

58. The allegations contained in Paragraph 58 of Plaintiff's First Amended Complaint are denied.

59. The allegations contained in Paragraph 59 of Plaintiff's First Amended Complaint are denied.

60. The allegations contained in Paragraph 60 of Plaintiff's First Amended Complaint are denied.

61. The allegations contained in Paragraph 61 of Plaintiff's First Amended Complaint are denied.

62. The allegations contained in Paragraph 62 of Plaintiff's First Amended Complaint are denied.

63. The allegations contained in Paragraph 63 of Plaintiff's First Amended Complaint are denied.

64. The allegations contained in Paragraph 64 of Plaintiff's First Amended Complaint are denied.

65. The allegations contained in Paragraph 65 of Plaintiff's First Amended Complaint are denied.

66. The allegations contained in Paragraph 66 of Plaintiff's First Amended Complaint are denied.

67. The allegations contained in Paragraph 67 of Plaintiff's First Amended Complaint are denied.

**Relief Requested**

68. The Defendants deny all relief prayed for:

    a. Plaintiff lacks standing to sue for declaratory relief for the same reasons he lacks standing to sue for injunctive relief. The Defendants incorporate by reference the arguments made in their Motion to Dismiss for Lack of Jurisdiction, Memorandum in Support Thereof, and Reply Memorandum. Rec. Docs. 11, 11-1, and 17. The Defendants further incorporate the ruling of the Court holding that Plaintiff lacks standing to sue for injunctive relief. Rec. Doc. 25.

    b. Plaintiff is not entitled to recover compensatory damages.

    c. The Plaintiff is not entitled to recover attorneys' fees, costs, or expenses.

    d. Plaintiff lacks standing to sue for any "other and further relief, at law or in equity" for the same reasons he lacks standing to sue for injunctive relief. The Defendants incorporate by reference the arguments made in their Motion to Dismiss for Lack of Jurisdiction, Memorandum in Support Thereof, and Reply Memorandum. Rec. Docs. 11, 11-1, and 17. The Defendants further incorporate the ruling of the Court holding that Plaintiff lacks standing to sue for injunctive relief. Rec. Doc. 25.

                                        Respectfully Submitted,

                                        **JEFF LANDRY**
                                        **ATTORNEY GENERAL**

BY:    *s/Phyllis E. Glazer*
           **PHYLLIS E. GLAZER (LSBA #29878)**
           **ASSISTANT ATTORNEY GENERAL**

           **Louisiana Department of Justice**
           Litigation Division, Civil Rights Section
           1885 North Third Street, 4th Floor
           Post Office Box 94005 (70804-9005)
           Baton Rouge, Louisiana 70802
           Telephone:   225-326-6300
           Facsimile:    225-326-6495
           E-mail:        GlazerP@ag.louisiana.gov